**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS R. LOPEZ-RIVERA, AKA SANTOS ROGELIO LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-72838 <br><br> Agency No. A 095-008-224 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2019[**]
Pasadena, California

Before: FARRIS, MCKEOWN, and PARKER, [***] Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Petitioner Santos R. Lopez-Rivera, a native and citizen of El Salvador, seeks review of a Board of Immigration Appeals ("BIA") order affirming the decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Lopez-Rivera contends that he is eligible for asylum and withholding of removal because he has a well-founded fear of future persecution on account of his membership in a "particular social group." *See* 8 U.S.C. §§ 1101(1)(42)(A) (asylum), 1231(b)(3) (withholding of removal). He describes his social group "as returning Salvadorans, accompanied by minor United States citizen children, who become targets of violence perpetrated by local gangs and associated criminal elements, including corrupt law enforcement, who the Salvadoran government is unable or unwilling to control." Pet'r's Br. at 1-2. Lopez-Rivera also contends that he has established the need for protection under CAT. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.[1]

Substantial evidence supports the agency's finding that Lopez-Rivera did not establish that any harm he fears in El Salvador would be on account of his membership in a "particular social group." Lopez-Rivera testified before the IJ

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

that he fears returning to El Salvador due to general corruption and because gangs would target him as they would perceive him as having money. However, as we have previously held, a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Accordingly, Lopez-Rivera's asylum and withholding of removal claims fail. *Id.* at 1015-16.

Substantial evidence also supports the agency's finding that Lopez-Rivera has not established his membership in a "particular social group." Like "similar cases involving the type of . . . social group alleged by [Lopez-Rivera]," his proposed social group "is too broad to qualify as a cognizable social group." *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 ("Petitioners' proposed social group, returning Mexicans from the United States" not a cognizable social group); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (social group described as those "returning to Mexico [from] the United States [who] are believed to be wealthy . . . . too broad"). Moreover, as the BIA correctly held, the record does not support the conclusion that individuals in his proposed category are perceived as a distinct social group in El Salvador. *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (internal quotation marks omitted).

Lopez-Rivera also asserts that he has established grounds for CAT relief. However, Lopez-Rivera only discusses the standard for CAT relief. He offers no reasons for why the BIA erred. Because Lopez-Rivera has offered no argument in support of his assertion, we deem it waived. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED.**